UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Bonne St. James,** | **Civil No. 06-1472 (JNE-JJG)** |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| **New Prague Area Community Center, et al.,** | |
| Defendants. | |

JEANNE J. GRAHAM, United States Magistrate Judge

The above matter came before the undersigned on June 20, 2006 on the defendants' motion to dismiss (Doc. No. 2). Richard A. Saliterman, Esq., and Elizabeth A. Lambrecht, Esq., appeared on behalf of plaintiff Bonne St. James. Erik F. Hansen, Esq., appeared on behalf of the defendants. The motion is assigned to this Court for a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(c).

Ms. St. James (St. James) asserts that she is the current owner of an long-standing antique show and has title to its trademark, "Minnesota's Most Unique Antique Show and Sale." The defendants, New Prague Area Community Center and its directors (collectively the Center), held a similar antique show in early 2005. St. James brings suit for patent infringement, alleging the Center misappropriated the trademark for its own show.

The Center moves to dismiss, under Rule 12(b)(7), for failure to join a party. It claims that title to the trademark is held by Holy Trinity Lutheran Church of New Prague (Holy Trinity), which licensed the trademark to the Center for the antique show. The Center argues that the ownership of the trademark is

in question, and therefore, St. James was required to join Holy Trinity as a defendant.

On a motion to dismiss for failure to join a party, a court initially considers whether the party is subject to compulsory joinder under Rule 19(a). If the party is subject to compulsory joinder, and joinder of the party is feasible, the court shall join the party rather than dismissing the action. *Ranger Transp. v. Wal-Mart Stores*, 903 F.2d 1185, 1187 (8th Cir. 1990) (per curiam). If the party is subject to compulsory joinder, but joinder of the party is not feasible, then the court turns to Rule 19(b). It requires the court to decide whether, "in equity and good conscience," the action should proceed among the remaining parties. *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1279-80 (11th Cir. 2003); *In re Republic of the Phillipines*, 309 F.3d 1143, 1152 (9th Cir. 2002).[1]

Rule 19(a) provides in relevant part,

> A person who is subject to service of process and whose joinder will not deprive a court of jurisdiction over the subject matter of the action shall be joined as a party in the action if . . .
>
> (2) the person claims an interest relating to the action and is so situated that the disposition of the action in the person's absence may
>
> (i) as a practical matter impair or impede the person's ability

---

[1] There is sometimes confusion about the appropriate nomenclature in this area. Some authorities describe a party subject to compulsory joinder under Rule 19(a) as a "necessary party." Where joinder of such a party is not feasible, and the court determines that dismissal is appropriate under Rule 19(b), these authorities refer to the party as an "indispensable party." These terms are used by the Center and are still employed by some modern authorities. *See Kansas City Royalty Co. v. Thoroughbred Ass'n, LLC*, 215 F.R.D. 628, 629 (D.Kan. 2003); *see also United Lacquer Mfg. Corp. v. Maas & Waldstein Co.*, 111 F.Supp. 139, 143-44 (D.N.J. 1953). But 1966 amendments to the Rules removed these terms, and ensuing authorities have avoided their use. 7 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* Civil § 1601 (3d ed. 2001). This report and recommendation follows the same practice.

> to protect that interest . . . .
>
> If the person has not been so joined, the court shall order that the person
> be made a party.

When examining whether the interests of a party require that party to be joined, the critical inquiry is whether the party will lose the opportunity to vindicate those rights in a future proceeding. *See LLC Corp. v. Pension Benefit Guarantee Corp.*, 703 F.2d 301, 305 (8th Cir. 1983).

It is well established, in suits for patent and trademark infringement, that the owner of the patent or trademark is subject to compulsory joinder. 7 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* Civil § 1614 (3d ed. 2001). Regardless of whether the suit proceeds in patent or trademark, the rationale is the same. Should the patent or trademark be held invalid or unenforceable, the owner will lose the ability to protect that interest. *See, e.g., Moore U.S.A. Inc. v. Standard Register Co.*, 60 F.Supp.2d 104, 110 (W.D.N.Y. 1999); *Tol-O-Matic, Inc. v. Proma Produkt-und-Marketing Gesellschaft, m.b.H.*, 690 F.Supp. 798, 801 (D.Minn. 1987). The same analysis applies, where ownership is at issue, to a purported owner. *See Havana Club Holding, S.A. v. Galleon S.A.*, 974 F.Supp. 302, 311 (S.D.N.Y. 1997); *American Optical Co. v. Curtiss*, 59 F.R.D. 644, 647 (S.D.N.Y. 1973).

Because Holy Trinity is a purported owner of the trademark here, it is subject to compulsory joinder. And it is reasonable to infer, because Holy Trinity is a Minnesota resident, it is also subject to service of process. Since the original action is founded on federal question jurisdiction, the joinder of Holy Trinity will not deprive the court of subject matter jurisdiction. *See Cosette v. Minnesota Power & Light*, 188 F.3d 964, 973 (8th Cir. 1999). Joinder is feasible, and therefore, this Court shall recommend that

Holy Trinity be joined. *Ranger Transp. v. Wal-Mart Stores*, 903 F.2d at 1187. This result means it is unnecessary to consider the application of Rule 19(b).

In its memorandum supporting its motion, the Center implied that dismissal is the appropriate remedy here. But dismissal may only be considered when joinder of the nonparty is not feasible. *Focus on the Family*, 344 F.3d at 1279-80. Because Holy Trinity is subject to compulsory joinder and joinder is feasible, joinder is the only appropriate remedy here. *See Ranger Transp.*, 903 F.2d at 1187. At the motion hearing, St. James argued that a defendant cannot use a motion to dismiss to compel a plaintiff to join another party. But a motion to dismiss, for failure to join a party, is precisely the means for a defendant to achieve this end. *See* 7 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* Civil § 1611 (3d ed. 2001). Notwithstanding her arguments to the contrary, the Center need not resort to third party practice to assure that St. James brings action against a party subject to compulsory joinder.

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. The defendants' motion to dismiss (Doc. No. 2) be **DENIED.**

2. No later than seven days after the order affirming this report and recommendation, St. James shall file an affidavit and attach a proposed amended complaint that adds Holy Trinity Lutheran Church of New Prague as a defendant. The proposed amended complaint shall not substantially modify the claims and allegations in the original complaint.

3. The parties shall not file documents supporting or opposing the proposed amended complaint without first obtaining leave from the Magistrate Judge.

4. Unless an order issues to the contrary within fourteen days of the order affirming this report and recommendation, St. James shall file her proposed amended complaint and Holy Trinity Lutheran Church of New Prague shall be joined as a defendant to this suit.

Dated this 26th day of June, 2006.                    s/Jeanne J. Graham

                                                                                 JEANNE J. GRAHAM
                                                                                 United States Magistrate Judge

### NOTICE

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by July 17, 2006. A party may respond to the objections within ten days after service. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.