UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Bonne St. James,** | **Civil No. 06-1472 (JNE-JJG)** |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| **New Prague Area Community Center, et al.,** | |
| Defendants. | |

JEANNE J. GRAHAM, United States Magistrate Judge

The above matter comes before the undersigned on defendant Holy Trinity Lutheran Church of New Prague's motion to dismiss for misjoinder (Doc. No. 31). Holy Trinity Lutheran Church of New Prague (Holy Trinity) is represented by Julie A. Doherty, Esq. Because the other parties have not opposed this motion, this Court has taken it under advisement without a hearing. The motion is assigned to this Court for a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(c).

This trademark infringement action arises out of a dispute between plaintiff Bonne St. James and the remaining defendants, New Prague Area Community Center and its directors (collectively the Center). The underlying factual issue is whether St. James or the Center has the right to exercise the trademark. Ms. St. James (St. James) claims that she acquired title to the trademark from Holy Trinity; the Center claims that it acquired a license to the trademark from Holy Trinity.

The Center moved to dismiss, for failure to join a party, on May 5, 2006. It argued that Holy Trinity was a party needed for just adjudication of this litigation. This Court examined the issue in a report and recommendation on June 27, 2006. The report observed that the dispute between St. James and the

Center depended on the interests of Holy Trinity as purported owner of the trademark. Because Holy Trinity was subject to service, this Court determined that joinder of Holy Trinity was compulsory and recommended that it be added as a defendant. This analysis was adopted by the district court by an order on July 26, 2006.

After it was haled into this litigation, Holy Trinity passed a resolution disclaiming its interest in the trademark. Holy Trinity then brought its current motion to dismiss for reasons of misjoinder. Because it no longer has an interest in the trademark, it argues, its joinder is no longer compulsory and it may be properly dismissed from this litigation. Holy Trinity did not offer any authorities in support of this argument. The other parties, moreover, have not opposed its dismissal.

Notwithstanding the lack of opposition from the other parties, Holy Trinity submitted a reply brief in addition to its original memorandum in support of dismissal. This brief and its supporting exhibits imply that Holy Trinity has title to the trademark and that it never granted title to St. James. These facts support the prior determination that joinder of Holy Trinity was compulsory.

Misjoinder, under Rule 21, is ordinarily limited to circumstances where *permissive* joinder of a party is improper. *See, e.g., DirecTV v. Leto*, 467 F.3d 842, 844-45 (3d Cir. 2006) (reviewing misjoinder by examining whether permissive joinder was appropriate under Rule 20(a)); *Disparte v. Corporate Executive Bd.*, 223 F.R.D. 7, 12 (D.D.C. 2004) (noting application of permissive joinder to misjoinder analysis is "well-settled") (quotation omitted); *see also* 7 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* Civil § 1683 (3d ed. 2001).

Because the joinder of Holy Trinity was compulsory rather than permissive, its reliance on misjoinder under Rule 21 is misplaced. Its motion for dismissal may be denied for this reason.

While this Court recognizes that no parties oppose the dismissal of Holy Trinity, there is still reason for it to remain in this litigation. Its recent disclaimer does not alter the fact that, at all times relevant to the trademark dispute, Holy Trinity was allegedly the owner of the trademark. Its interest during that period remains at stake, and more importantly, this issue lies at the center of the other parties' disputes.

This outcome does not prevent Holy Trinity from seeking other dispositive relief, and it may have other grounds for seeking its dismissal from this lawsuit. But misjoinder is not the appropriate avenue for this relief.

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Holy Trinity's motion to dismiss for misjoinder (Doc. No. 31) be **DENIED.**

Dated this 19th day of March, 2007.                    s/Jeanne J. Graham

                                                       JEANNE J. GRAHAM
                                                       United States Magistrate Judge

## NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by April 6, 2007. A party may respond to the objections within ten days after service. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.